Filed 6/24/14  Perez v. Backflip Software CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| GIL PEREZ, | H038426 |
| Plaintiff, Cross-Defendant and Appellant, | (Santa Clara County Super. Ct. No. 1-11 CV207075) |
| v. | |
| BACKFLIP SOFTWARE, INC., | |
| Defendant and Respondent; | |
| CARR & FERRELL LLP, | |
| Objectors and Appellants. | |

This is an appeal of an order of monetary sanctions against appellant Gil Perez and his attorneys Stuart Clark, and Carr and Ferrell LLP, for discovery violations in the underlying breach of contract action against respondent Backflip Software, Inc. (Backflip).[1]

## STATEMENT OF THE CASE

The initial complaint in this case was filed by Perez and two other former employees of Backflip on August 12, 2011, alleging breach of contract for failure to pay their salaries for 13 and a half months.  Backflip filed a cross-complaint against Perez on

---

[1]  Backflip did not file a response brief in this appeal.

October 28, 2011, alleging a number of causes of action against Perez including negligence and breach of fiduciary duty.

During the course of litigation of this matter, both parties filed motions to compel discovery against each other. The court heard both motions on the same day, and denied Perez' motion as moot, because Backflip had provided the requested discovery by the time of the hearing on the motion. The court granted Backflip's motion to compel.

As a result of the two motions to compel, the court ordered monetary sanctions against Perez, and his counsel in the amount of $5,350. The court ordered Backflip to pay $5,320 in sanctions.[2]

Perez filed a timely notice of appeal on June 15, 2012.

Following the filing of his opening brief, Perez notified the court that the parties had settled the underlying case, and requested a dismissal of the appeal as to him. The parties included a mutual release as a term of the settlement agreement, resulting in the parties and Perez' counsel not being obligated to pay the sanctions award that is the subject of this appeal.

Subsequently, we dismissed the appeal as to Perez on April 29, 2013.

Presently, the appeal remains as to the sanctions award against Perez' counsel.

## DISCUSSION

On appeal, Perez' counsel assert that despite the fact that they are no longer obligated to pay the monetary sanctions ordered by the trial court, the appeal is not moot, because the implied finding that they engaged in sanctionable conduct remains in place. Alternatively, Perez' counsel argue that even if the appeal is considered moot, this court should exercise discretion to decide the issue because it is capable of repetition, yet tends to evade review. (*Mercury Interactive Corp. v. Klein* (2007) 158 Cal.App.4th 60, 78.)

---

[2] Backflip filed a notice of appeal as to this order in June 2012. This court dismissed the appeal for failure to file an opening brief (H038480).

To determine whether the appeal is moot we apply well established rules. The duty of the court " ' "is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot effect the matter in the case before it." ' [Citation.]" (*Eye Dog Foundation v. State Board of Guide Dogs for the Blind* (1967) 67 Cal.2d 536, 541.) Accordingly, " '[w]hen no effective relief can be granted, an appeal is moot and will be dismissed.' [Citations.]" (*MHC Operating Limited Partnership v. City of San Jose* (2003) 106 Cal.App.4th 204, 213.) Here, because the obligation to pay sanctions was terminated by the settlement agreement, there is no effective relief that be granted through this appeal. As a result, the appeal is moot.

Moreover, we decline Perez' counsel's request to review the issue on the merits. Here, the discretionary order of discovery sanctions against counsel in the trial court is neither important for the purpose of appellate review, nor capable of repetition yet tending to evade review. (*Mercury Interactive Corp., supra*, 158 Cal.App.4th at p. 78.)

**DISPOSITION**

The appeal is dismissed as moot.

_____
RUSHING, P.J.

WE CONCUR:


_____
PREMO, J.


_____
ELIA, J.

3